The petitioner, his widow, being dissatisfied with the provision made for her by the will, entered her dissent to the same at the same term, and exhibited this petition to the county court, claiming the benefits of ch. 29, Laws 1796, alleging that by her dissent to the provision made for her by the will, her husband died intestate as to her.
The widow's claim to the benefit of the act of 1796, ch. 29, depends entirely on the husband's dying intestate generally. Where he leaves a will, and she dissents to the provision made for her by it, such dissent only produces a partial intestacy as to her.
The words of the act are, "Where a man shall die intestate, leaving a widow," etc. Here the husband did not die intestate. He disposed of all his estate by will duly executed and published, and thereby made *Page 233 
provision for his wife. He could not foresee that she would be dissatisfied with that provision and claim the privilege of dissenting from it.
According to the construction of the act contended for in behalf of the petitioner, it is not the omission of the husband to make and publish a will in his lifetime, but the act of the widow, which renders him intestate. By her acquiescence in the will, the husband dies testate; her dissent produces intestacy. It depends wholly on her conduct after the death of the husband and after his will is admitted to probate whether he is to be considered as having died testate or (302)intestate.
This surely is not such a dying intestate as is contemplated by the act under consideration. In support of this opinion, let it be further observed that the act directs that "Where a man shall die intestate, leaving a widow, she may take into her charge and possession so much of the crop, etc., then on hand as may be necessary, etc., until letters of administration shall be granted," etc. Now, the Legislature could never have intended to interfere with the will of the testator, or the rights of the executors, by authorizing the widow to take into her possession that property which the law, operating on the will of the testator, authorized them alone to take possession; yet the construction of the act contended for in behalf of the petitioner would produce that effect.
Sales of the perishable estate of intestates usually take place immediately after the administration is granted. The allowance for the widow and family should be set apart before such sale takes place. Hence, she is required by the act to exhibit her petition "at the same court when administration is granted." Yet if by entering her dissent to the will she can entitle herself to a year's allowance out of the crop, etc., she may do it six months after the probate of the will, when, in all probability, the executors have sold the perishable estate and disposed of the proceeds according to the will of their testator. Out of what will her year's support, in such case, be allotted?
The act of 1784, ch. 22, authorizes the widow to enter her dissent within six months after probate of the will, and enacts, "Notwithstanding her dissent, if the jury find and return that `she is as well provided for by the will, as by taking that allotted to her by law in case of her dissent,' she shall be therewith content." Suppose a year's provision allotted to the petitioner, according to the construction of the act contended for in her behalf, and that the jury to be impaneled pursuant to the directions of the above recited act should find that the (303) legacy given to her by the will is equal in value to the distributive share she would take under the act of Assembly with which, in the words of the act, she shall be content, it would then appear that the widow of a *Page 234 
man not dying intestate either generally or partially (as respects his wife), had received the benefit of the act intended for those only whose husbands die intestate; and that she had received a portion of her husband's estate not allotted to her by his will or justified by the act in question.
Such difficulty can only be avoided by bearing in mind that the Legislature never intended that the act of 1784 and 1791 on the same subject, and the act of 1796 (the act in question) on a different subject, should be blended together in their operation and effects.
A majority of the Court is of opinion that the widow of a man dying and leaving a last will cannot, by her dissent to such will, entitle herself to the benefits of the act of 1796, ch. 29, in addition to those conferred on her by the acts of 1784, ch. 22, and 1791, ch. 22.
Wherefore judgments for defendants.